UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                        :

HUMPHREY O. UDDOH, and PLAMEN    :
KOEV,                                       : **MEMORANDUM DECISION &**
                                                        : **ORDER**
                Plaintiffs,           :
                                                         : 16-cv-1002 (BMC) (LB)
             - against -               :

UNITED HEALTHCARE, THE EMPIRE  :
PLAN (NYSHIP), GINGER W.             :
WHISPELLL, and JENNIFER JABLONSKI,  :

                Defendants.           :
------------------------------------------------------------ X

**COGAN**, District Judge.

      Plaintiffs *pro se* are a same-sex, male couple who applied for insurance benefits through their insurance plan in connection with their desire to parent a child using in vitro fertilization ("IVF") and non-paid surrogacy. After initially issuing a conditional pre-approval of coverage based on the mistaken assumption that plaintiffs were a heterosexual couple and thus it would be approving female implantation procedures for one of the insureds, the policy administrator reversed its position and denied coverage on the ground that the policy does not cover surrogacy, whether for heterosexual or homosexual insureds. After further consideration, the policy administrator modified its position and agreed to pay for medical procedures necessary for the collection of sperm from both plaintiffs, but not for the collection or implantation of oocytes or surrogacy procedures.

      Claiming that the insurer's change of position has caused them damages, and that it constitutes illegal discrimination, and that they were defamed in the process, plaintiffs have brought this action alleging four claims for relief: violation of the Equal Protection Clause under

42 U.S.C. § 1983; breach of contract; slander; and "detrimental reliance" (i.e., promissory estoppel). Defendants consist of plaintiffs' insurance plan, sued as "The Empire Plan (NYSHIP)" (referred to as "Empire"); the plan administrator, United Healthcare ("United"); and two United employees, Ginger W. Whispell[1] and Jennifer Jablonski (together with United, the "United Defendants").

All defendants have moved to dismiss on various grounds. Defendants' motions to dismiss are granted and plaintiffs are granted leave to file an amended complaint to the extent set forth below within 14 days.

## BACKGROUND

Construing the complaint in the light most favorable to these *pro se* plaintiffs, plaintiff Humphrey O. Uddoh is an attorney for the New York City Transit Authority.[2] His employer provides health insurance through the New York State Health Insurance Program (NYSHIP), which offers a plan known as the Empire Plan, under which he has been covered for almost a decade. He added his male partner, plaintiff Plamen Koev, as an additional insured at the same time he signed up. The application to add Koev disclosed that Koev is a male.

Although the complaint treats Empire and United as a single entity, it is clear from the over 90 pages of documents annexed to the complaint, which are deemed part of the complaint for purposes of defendants' motions, see Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000),

---

[1] Based on the United Defendants' memoranda in support of their motion to dismiss, it appears defendant "Whispell's" name is actually spelled "Whispelll." The Clerk is directed to amend the caption as set forth above.

[2] It is axiomatic that a *pro se* complaint is held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). However, as an attorney, plaintiff Uddoh is entitled to less leniency than a non-attorney *pro se* plaintiff. See Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010).

that United acts as the policy and/or claims administrator for Empire, and that defendants Jablonski and Whispell are employed by United.[3]

Plaintiffs decided to start a family in early 2014. Plaintiff Uddoh applied for pre-approval of certain IVF procedures – the complaint does not set forth the specifics of the application – which, in part, had to do with the fact that both plaintiffs have conditions that required some fairly serious surgery in order to collect the sperm necessary for IVF. On May 16, 2014, plaintiff Uddoh received a letter from United "confirming that the following qualified procedures for you and Plamen Koev are a covered expense under your health benefit plan: IVF, GIFT, ZIF, ICSI, Assisted Hatching, MESA, TESE, sperm, egg or inseminated egg procurement, processing, egg or embryo banking determined appropriate by your physician." The letter also stated: "Please note that payment is subject to patient eligibility and Empire Plan provisions at the time the health care services are received."

The complaint acknowledges that at the time it sent this letter, United was operating under the misimpression that "Plamen Koev" was a female, although plaintiffs believe that this was an unreasonable misimpression in light of the disclosure in the insurance application that Koev is a male, and perhaps – the complaint is not entirely clear – the fact that Koev had submitted prior insurance claims that confirmed this. In any event, the matter apparently came to light when a United employee, defendant Whispell, called one of Koev's medical care providers to inquire whether he is male or female. After finding out that Koev is a male, Whispell allegedly told the provider to immediately cancel the procedure.

After learning about this exchange, plaintiff Uddoh contacted Whispell's supervisor, defendant Jablonski. At that point, Jablonski accused Uddoh of insurance fraud and threatened

---

[3] The complaint contains footnotes referring to various exhibit numbers of the documents annexed to the complaints. But the documents have no exhibit numbers.

3

to seek recoupment of the surgical costs that had already been paid for Uddoh's two surgical procedures. In addition, the complaint alleges that defendants Jablonski and Whispell, made similar accusations of fraud to plaintiffs' health care provider.

The complaint does not allege the date when this mistake was discovered, but on November 4, 2014, United sent a letter to plaintiff Koev disclaiming coverage for his portion of "infertility services." The letter stated that

> We have completed a request for infertility services for you. Your condition is not consistent with the Plan benefit for infertility services. You do not qualify for the benefit because your condition is not the reason a pregnancy cannot be achieved. In addition the plan does not provide benefits in connection with services for surrogacy.
>
> Under the terms of the Empire Plan, "For the purposes of this benefit, infertility is defined as a condition of an individual who is unable to achieve a pregnancy because the individual and/or partner has been diagnosed as infertile by a physician." In addition, "Medical expenses or any other charges in connection with surrogacy" are excluded from coverage under the Plan. Accordingly any charges or expenses for services related to your infertility or in connection with surrogacy are not covered.

After these communications, Uddoh demonstrated to United that Koev had always been identified as a male, both in the policy application and in claims that he had previously submitted. United thereupon agreed to modify its rejection letter. It agreed to cover the surgical procedures for the harvesting of the sperm from both plaintiffs, its storage, and fertilization. However, it did not agree to "[p]rocurement of oocytes" or "[s]ervices rendered to a surrogate." The basis for this denial was that the Empire Plan expressly excludes "[m]edical expenses or any other charges in connection with surrogacy"; "[a]ny donor compensation or fees charged in facilitating a pregnancy"; and "[a]ny charges for services provided to a donor in facilitating a pregnancy."

4

The complaint alleges that in reliance on the initial pre-approval letter, plaintiffs spent $150,000 that is not covered under the revised approval letter. Plaintiffs have not clearly explained why not. As best I can tell from the complaint and plaintiffs' memoranda in opposition to defendants' motions, plaintiffs originally had a volunteer (non-paid) surrogate willing to assist them when they received the pre-approval, but the revocation of approval caused a delay which lost them that opportunity, and now they have to pay for a surrogate. Plaintiffs, however, acknowledge that the Empire Plan does not cover surrogacy and that, in any event, New York law does not allow coverage for surrogacy.

## DISCUSSION

**I.     The Empire Plan (NYSHIP)**

The Attorney General originally moved to dismiss the complaint as to Empire on the ground, *inter alia*, of improper service, arguing that plaintiffs' attempt to effect service on Empire by serving United as the plan administrator was ineffective because United was not authorized to accept service on Empire's behalf. The Attorney General did not, however, advise how service could be properly made on Empire, and it did not appear that there was any means to effect service. This raised the question of whether Empire is a juridical entity capable of being sued or simply a health benefits plan created by the New York State Department of Civil Service and administered under contract by United. Because the Attorney General's position on this issue was ambiguous, the Court ordered discovery on it.

Discovery has shown that, in fact, neither NYSHIP nor Empire is a legal entity susceptible to suit. NYSHIP is just the program name of the various insurance plans offered to state employees, which is administered by the Department of Civil Service, and Empire is simply one of those plans. Neither NYSHIP nor Empire has any employees, officers, a board of

directors, separate assets, or a place of business; the individuals who oversee NYSHIP and the Empire Plan are employees of the Department of Civil Service.  Pursuant to contract, United, as the administrator, processes and handles claims made by beneficiaries of the Empire Plan.  The contract assigning to United the responsibility for the administration of claims under the Empire Plan is between United and the Department of Civil Service, not Empire.  In fact, there are no contracts to which NYSHIP or Empire or parties.

Neither NYSHIP nor Empire retain records; all records relating to them are maintained by the Department of Civil Service.  The Department of Civil Service pays United for its services, not NYSHIP or Empire.  Further, because the Empire Plan is self-insured, the Department of Civil Service bears all responsibility for claims and expenses under or against it, for which it receives state funding and makes annual budget requests to the New York State Division of the Budget.

The classification of NYSHIP and Empire as non-juridical entities is consistent with the status of benefit plans generally.  Benefits plans, such as Empire, are not insurance companies; they are simply programs offered by insurance companies, labor unions or locals, or, if an employer is self-insured, like New York State, the employer.  That is why the Employee Retirement Income Security Act ("ERISA"), expressly deems that any pension plan covered by ERISA, which Empire is not, see New York State Psychiatric Ass'n, Inc. v. UnitedHealth Group, 980 F. Supp. 2d 527, 549 (S.D.N.Y. 2013), affirmed in part and vacated on other grounds, 798 F.3d 125 (2d Cir. 2015), to be a juridical entity so that it can sue and be sued under its own name.  See 29 U.S.C. § 1132(d)(1).  As the Second Circuit has noted, "[w]ithout such a provision a pension plan would not be a legally cognizable body."  Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co., 700 F.2d 889, 893 (2d Cir. 1983).

6

Plaintiffs have offered no persuasive argument to the contrary. First, they point to two state court cases, Matter of Plainview-Old Bethpage Cong. of Teachers v. New York State Health Ins. Plan, 140 A.D.3d 1329, 33 N.Y.S.3d 535 (3d Dep't 2016), and Matter of Roslyn Teachers Assn. v. New York State Health Ins. Plan, 140 A.D.3d 1332, 36 N.Y.S.3d 894 (3d Dep't 2016), where the Department of Civil Service and NYSHIP were named as respondents. However, no one raised the issue in those cases as to whether NYSHIP was a proper party, and since the Department of Civil Service was also a party, NYSHIP's nominal "presence" says nothing about its juridical status.

Second, plaintiffs submit several excerpts of various Empire documents contemplating suits concerning benefits. However, the NYSHIP Certificate of Insurance, on which plaintiffs rely, merely advises Empire beneficiaries of the time limitations on bringing lawsuits regarding the denial of benefits. It does not indicate the proper party to such a suit. Plaintiffs also identify various contract provisions, but these all appear in contracts to which the Department of Civil Service, not NYSHIP, is a signatory.[4]

Finally, I note that since this is an action for damages, a judgment in plaintiffs' favor against Empire would not be of any use to them. As noted above, there is no evidence that Empire has any assets upon which execution could be levied, and thus retaining it as a defendant would not result in any recovery to plaintiffs.

Accordingly, Empire's motion to dismiss is granted and plaintiffs' claims against Empire are dismissed.

---

[4] I inquired of plaintiffs whether they wished to substitute the Department of Civil Service if I determined that Empire is not a suable entity. They have not requested that relief.

**II.     The United Defendants**

The United Defendants have moved to dismiss on various grounds. Initially, they contested service as to defendants Jablonski and Whispell, but they have since withdrawn this argument.

The United Defendants' main point is that the complaint makes no allegations against them; rather, all of the allegations are against "Empire/NYSHIP." It is correct that United is mentioned only in the caption. Jablonski and Whispell are mentioned in the complaint a number of times, but are misidentified as employees of Empire/NYSHIP.

Because Empire is dismissed as a non-suable party, the complaint makes little sense as written. Plaintiffs are granted leave to file an amended complaint within 14 days that eliminates Empire, and properly describes the role of United as plan administrator, and Whispell and Jablonski, as United employees. Nevertheless, in filing that amended complaint, the other points raised by the United Defendants are disposed of as follows.

The United Defendants move to dismiss plaintiffs' slander claim on the grounds that it is barred by the statute of limitations and fails to state a claim. The complaint states that the allegedly slanderous statements were made in 2014, and this action was not commenced until February 2016. Plaintiffs' slander claim is barred by the one-year statute of limitations, see N.Y. C.P.L.R. § 215(3); Cullin v. Lynch, 113 A.D.3d 586, 979 N.Y.S.2d 92 (2d Dep't 2014) (the one-year statute of limitations begins to accrue on "the date of the publication or utterance of the allegedly slanderous statement"), and the Court therefore need not reach whether plaintiffs' allegations fail to state a slander claim.

As importantly, plaintiffs have not responded to United's arguments as to their slander claim, except to request that they be permitted to amend their complaint to allege a claim of

misrepresentation, and are thereby deemed to have abandoned their slander claim.  See Reid v. Ingerman Smith LLP, 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); Sullivan v. City of New York, 14-CV-1334, 2015 WL 5025296, at *4-5 (S.D.N.Y. Aug. 25, 2015) (holding that plaintiff, an attorney proceeding *pro se*, abandoned his claims against certain defendants where he failed to respond to those defendants' motion to dismiss but continued to pursue the claims as to other defendants).  Plaintiffs' slander claim is dismissed.

In addition, plaintiffs' equal protection claim is dismissed.  Plaintiffs have offered no factual allegations tending to show that the United Defendants were acting under color of state law as is required for a § 1983 claim.  Merely acting pursuant to a contract with the state, which plaintiffs do not even acknowledge this was, is not sufficient to make the contractor liable under 42 U.S.C. § 1983 as a state actor.  See Cooper v. U.S. Postal Serv., 577 F.3d 479, 492 (2d Cir. 2009) ("'[A]cts of private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts.'") (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982)); Phelan ex rel. Phelan v. Torres, 843 F. Supp. 2d 259, 273 (E.D.N.Y. 2011) ("The fact that the state may contract with a private party to perform a function does not transform the private party into a state actor unless the function is traditionally exclusively a state function.").

The Court will not pass upon plaintiffs' remaining claims, i.e. the breach of contract and estoppel claims, at this time, except to note that in filing the amended complaint, plaintiffs would be well-served to make those claims more plausible.

## CONCLUSION

Empire's motion to dismiss is granted and plaintiffs' claims against Empire are dismissed.  The United Defendants' motion to dismiss is granted to the extent set forth above. Plaintiff may file an amended complaint within 14 days.

**SO ORDERED.**

                                                         U.S.D.J.

Dated: Brooklyn, New York
         February 10, 2017